**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIC PENCE OGLETREE, *Plaintiff,* -against- CARCO GROUP, INC. d/b/a DRIVER IQ, *Defendant.* | Case No. 2:24-cv-03973 **COMPLAINT** **JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer against Defendant Carco Group, Inc d/b/a Driver IQ for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq*. and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law § 380 et seq ("NY FCRA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

4. This Court has supplemental jurisdiction of state claims asserted herein under New York law pursuant 28 U.S.C. §1367(a).

**THE PARTIES**

5. Plaintiff, Eric Pence Ogletree, is an adult individual who resides in the State of Utah.

6.  Mr. Ogletree is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a)(c) NY FCRA (NY GBL § 380-a(b)).

7.  Defendant Carco Group, Inc d/b/a Driver IQ (hereinafter "Driver IQ") is a consumer reporting agency providing background and employment screening services that regularly conducts business in the Eastern District of New York, and which has its headquarters and principal place of business located at 5000 Corporate Court, Suite 203, Holtsville, NY 11742.

8.  Driver IQ is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681 a(f), and the NY FCRA (G.B.L. § 380-a(e)).

## FACTUAL ALLEGATIONS

9.  In or around January 2024, Plaintiff applied for a position with Don Hummer Trucking Corporation (hereafter "Don Hummer").

10. As part of his job application, he authorized Don Hummer to conduct a background check on him for employment purposes.

11. On or about January 2, 2024, Don Hummer requested that Defendant conduct a background check report on Plaintiff.

12. On or about January 9, 2024, Don Hummer gave Plaintiff a conditional job offer.

13. On or about January 16, 2024, Defendant sold to Don Hummer at least one consumer report about Plaintiff which was inaccurate.

14. The report furnished by Defendant was for employment purposes.

15. The consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Don Hummer.

16. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties.

17. The inaccurate information includes, but is not limited to, a pending misdemeanor charge of assault causing bodily injury, which was in fact not pending, but dismissed in 2003.

18. The inaccurate information grossly disparages the Plaintiff and portrays him as a having pending criminal charges against him. There is perhaps no greater error that a consumer reporting agency can make.

19. The derogatory inaccuracies appear to be caused by a misreading of public records. Any rudimentary inspection of the data would reveal the inaccuracies. Defendants obviously failed to employ such a procedure.

20. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Had Defendant followed such procedures it would not have reported the inaccurate information.

21. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information through the issuance of false and inaccurate consumer reports relating to Plaintiff and Plaintiff's criminal history to third parties since at least January 2024 to the present.

22. As a result of the inaccurate report Defendant sold to Don Hummer, Plaintiff was denied employment with Don Hummer and Plaintiff was informed by Don Hummer that the basis for the denial was the inaccurate criminal information that appears on Plaintiff's Driver IQ consumer reports, which was not only a substantial factor for the denial, but the only factor.

23. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of delayed employment opportunities, lost wages, harm to reputation, and emotional distress, including frustration, humiliation, and embarrassment.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

25. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

<u>**COUNT I**</u>
<u>**PLAINTIFF V. DRIVER IQ**</u>
<u>**VIOLATIONS OF THE FCRA**</u>

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

28. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

31. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT 2 – VIOLATIONS OF THE NY FCRA
### PLAINTIFF V. DRIVER IQ

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Defendant violated NY FCRA § 380-j(a) by reporting and maintaining in its credit file for Plaintiff information which it has reason to know was inaccurate.

34. Defendant violated NY FCRA § 380-j(e) by failing to maintain reasonable procedures designed to assure maximum possible accuracy of the information they reported about Plaintiff.

35. Defendants violated NY FCRA § 380-k by failing to maintain reasonable procedures designed to avoid violations of § 380-j.

36. Due to the violations of the NY FCRA by Defendants, Plaintiff has suffered, and continues to suffer, actual damages, including pecuniary, and non-pecuniary harm. Plaintiff seeks damages in an amount to be determined by the Jury.

37. These violations by Defendant of GEN. BUS. LAW §§ 380-j and 380-k were willful, rendering Defendant liable for statutory damages, actual damages, costs, reasonable attorneys' fees, and punitive damages in an amount to be determined pursuant to GEN BUS. LAW §§ 380-1.

38. In the alternative, these NY FCRA violations by each Defendant were negligent, entitling Plaintiff to actual damages, costs, and reasonable attorney's fees pursuant to GEN BUS LAW §380-m.

### JURY TRIAL DEMAND

39. Plaintiff demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Injunctive relief enjoining Defendant from violating Plaintiff's NY FCRA rights; and

(f) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Adam G. Singer*
Adam G. Singer, Esq.
**LAW OFFICE OF ADAM G. SINGER, PLLC**
One Grand Central Place
60 E. 42nd Street, Suite 4600
New York, NY 10165
212.842.2428
asinger@adamsingerlaw.com

 */s/ Siobhán E. McGreal*
Siobhán E. McGreal, Esq.*
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market Street, Suite 2510

        Philadelphia, PA 19103
        215.735.8600
        smcgreal@consumerlawfirm.com
        *Motion for Leave to Appear Pro Hac Vice
          forthcoming*

**Counsel for Plaintiff Eric Pence Ogletree**